```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


VERNELL McMILLIAN,             )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:02 cv 422
                               )
THE VILLAGES OF INDIANA, INC., )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the plaintiff, Vernell McMillian, on July 15, 2005, and the Motion for Summary Judgment filed by the defendant, The Villages of Indiana, Inc., on July 15, 2005.  For the reasons set forth below, both motions are **DENIED**.

Background

Plaintiff Vernell McMillian, an African-American woman, alleges that her former employer, The Villages of Indiana, discriminated against her on the basis of her race when The Villages fired her for failure to attend advanced supervisors training.

Discussion

In order to facilitate the summary judgment analysis, both parties must present their briefs in a manner that complies with the Local Rules, clearly state what the issues are from each party's respective position, and provide legal support for that position.

Local Rule 56.1 directs that each motion for summary judgment shall contain a "'Statement of Material Facts,' supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, to which the moving party contends there is no genuine issue." In the response brief, the nonmovant shall file a "Statement of Genuine Issues" supported by the same type of admissible materials. *See* Local Rule 56.1(a). It is firmly established law that "[a] complaint is not admissible evidence and cannot be used to support a proposed finding or a response" to a summary judgment motion. ***Syzmankiewicz v. Picard***, ___ F.Supp.2d ___, 2005 WL 674919, at *1 (W.D. Wis. March 16, 2005). *See also* ***Stinnett v. Iron Works Gym/Executive Health Spa, Inc.***, 301 F.3d 610, 613 (7th Cir. 2002) (stating that the court may consider only admissible evidence in ruling on a motion for summary judgment). The Seventh Circuit will uphold the trial court's strict enforcement of its local rules. *See, e.g.,* ***Tierney v. Quincy School District No. 172***, 125 Fed. Appx. 711, 718 (7th Cir. 2005); ***Monzidelis v. World's Finest Chocolate, Inc.***, 92 Fed. Appx. 349, 351 (7th Cir. 2004).

Finally, the requirement that arguments be clearly stated and adequately supported is of practical necessity: the court cannot reach a substantive determination on an issue if the issue itself is not defined. Indeed, the Seventh Circuit has warned that courts need not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves to not adequately support. *See* ***Tyler v.***

***Runyon***, 70 F.3d 458, 464-65 (7th Cir. 1995); ***Hershinow v. Bonamarte***, 735 F.2d 264, 266 (7th Cir. 1984).

McMillian filed this suit against The Villages in 2002. Despite multiple extensions of time to complete discovery and file dispositive motions, the briefing of both cross-motions for summary judgment in this case prevents the court from determining what the facts are, let alone whether there is a genuine issue of material fact or whether either party is entitled to judgment as a matter of law.  First, McMillian improperly relies on her complaint in support of summary judgment.  Second, the legal issues appear to be whether McMillian was similarly situated to white coworker Debbie Allenbaugh and whether McMillian was complying with The Villages legitimate training expectation. However, in the six briefs filed with these two motions for summary judgment, the plaintiff cites a total of three cases on these two issues, with no explanation of how those cases could be relevant to the facts of this case.  Worse still, outside of cases establishing the general "boilerplate" law on summary judgment and Title VII, the defendant cites <u>no</u> law in either its brief or reply in support of summary judgment, or in its response brief to the plaintiff's motion.  Nevertheless, the significance of these briefing deficiencies could be overcome had either party clarified the legally significant facts of this case.

Both Allenbaugh and McMillian were required to attend a six month track training program.  McMillian admitted that she also was obligated to complete a supervisors training six months after

3

the completion of her track training. (Dep. of Vernell McMillian, p. 20) However, McMillian began working for The Villages on August 10, 1998 and was not fired until November 14, 2001. Neither party has explained when McMillian began her track training, when she was required to complete her supervisors training, or why McMillian could work for The Villages for over three years without completing her supervisors training before finally being fired allegedly for that reason. No party stated when the next supervisors training session would be after the rescheduled November 14, 2001 session. No party explained why McMillian's failure to attend training in November 2001 was the critical event when she had failed to attend in both May and June 2001, even though she had been warned before the June session that she would be fired if she did not attend the "next" session. (Def. MSJ, Exh. 4)

Moreover, the court notes that The Villages did not fire Allenbaugh for missing two days of track training when her car broke down. The Villages further appeared to allow Allenbaugh to have an incomplete training record for an extended period of time while The Villages sought a waiver of her Domestic Violence Training. However, The Villages did not seek a waiver for McMillian under the admittedly unique circumstances of a last-minute cancellation of the October training session for which she was registered. The Villages also fired her when according to McMillian, she did not attend the rescheduled session because she was unable to arrange childcare on one week's notice for the

4

three days she would be absent for the training.  While all of these factual issues may be resolved easily at trial, they are unanswered in the parties' briefs and the multiple exhibits attached thereto.  Because inferences in favor of both parties can be drawn from such ambiguities, and because the parties do not adequately define or support their contentions, summary judgment must be denied for both parties.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the plaintiff, Vernell McMillian, on July 15, 2005 is **DENIED**, and the Motion for Summary judgment filed by the defendant, The Villages of Indiana, Inc., on July 15, 2005, is **DENIED**. The court hereby **AFFIRMS** the final pretrial conference scheduled for September 26, 2005, and the jury trial scheduled to begin on October 31, 2005.

ENTERED this 26th day of September, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge